# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD R. HOLTZ, | ) |
| Petitioner, | ) |
| vs. | ) Civil Case No. 08-219-DRH-PMF |
| BRAD J. ROBERT, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Ronald R. Holtz's § 2254 petition for a writ of habeas corpus (Doc. No. 2). Holtz is confined at Centralia Correctional Center. He is serving two concurrent 20-year sentences imposed in Richland County Circuit Court on convictions for home invasion and aggravated kidnapping, following Holtz's plea of guilty. Liberally construing the allegations in the *pro se* petition, Holtz proposes the following grounds for federal habeas relief:

1. The trial court accepted a restitution payment to compensate the victim for the cost of a home security system in violation of the Fifth Amendment's prohibition against double jeopardy and the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment,

2. The Illinois Appellate Court refused to evaluate and resolve arguments presented on direct appeal from an order denying petitioner's third amended motion to reduce his sentence and withdraw his guilty plea in violation of the Fifth Amendment's guarantee of due process and the Sixth Amendment's guarantee of effective assistance of counsel, and

3. The prosecution failed to comply with the terms of a plea agreement by taking property in violation of the Fifth Amendment's guarantee of due process.

**I.      Background**

Holtz pleaded guilty to two charges in return for a promise that other pending charges would be dismissed and the prosecution would agree to a 27-year cap on the term of imprisonment. During the plea negotiations, Holtz's interest in obtaining personal property that had been confiscated during the criminal investigation was mentioned. Although Holtz formed the impression that the prosecution agreed to release property items after he entered a guilty plea, the fate of the confiscated property was not articulated when the parties presented their plea agreement to the trial judge. The trial court accepted Holtz's plea and sentenced him to serve 20 years in prison. Holtz was also ordered to pay costs and restitution, including a sum ($2,875) reflecting the cost incurred by the victim to install a security system at her home. Following a garnishment proceeding, Holtz paid the restitution.

After he pleaded guilty, Holtz filed postjudgment motions. He elected to represent himself, with assistance from standby counsel. Following a hearing and argument, Holtz filed a premature notice of appeal on October 3, 2002.[1] The trial court denied the postjudgment motions on October 10, 2002. On the same date, the Clerk was directed to file a notice of appeal and counsel was appointed for the appeal. On January 17, 2003, the Illinois Appellate Court issued a show cause order. A response was filed. On February 7, 2003, the Illinois Appellate Court dismissed Holtz's direct appeal for lack of jurisdiction. A request for reconsideration was denied, and a petition for leave to appeal to the Illinois Supreme Court was also denied.

Holtz sought postconviction relief. His first petition was dismissed without prejudice and

---

[1] In Illinois, the filing of a notice of appeal is jurisdictional. The notice must be filed within 30 days *after* entry of the order disposing of a timely motion directed against the judgment. A notice of appeal filed *before* the entry of the order disposing of a postjudgment motion has no effect. 210 Ill. 2d R. 606(b).

an appeal from that order was also dismissed. The second petition was resolved following an evidentiary hearing. The claims raised there (double jeopardy and ineffective assistance of counsel) were rejected; however, the trial judge found merit in a third issue raised by standby counsel. A portion of the restitution order was vacated on the ground that it was improper to require payment of the cost of security measures added by the victim.

On appeal, the Illinois Appellate Court affirmed. Initially, the Illinois Appellate Court considered whether conduct attributed to Holtz's appellate attorney deprived Holtz of his right to a direct appeal. The Illinois Appellate Court specifically found that "[i]t was not counsel's errors that deprived defendant of his right to appeal, but defendant's own fault." *People v. Holtz*, No. 5-05-0440, p. 4 (Ill. App. Sept. 24, 2007). The Illinois Appellate Court also found that Holtz forfeited two arguments (breached plea agreement, competency) and that his remaining arguments (ineffective assistance by post-conviction counsel, double jeopardy) lacked merit. A petition for leave to appeal to the Illinois Supreme Court was denied.

## II.    Procedural Default

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies by giving the state an opportunity to correct violations of federal rights at each level of review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The prisoner must "fairly present" his claim by alerting the state courts to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A Constitutional claim is fairly presented when the state court is alerted to the operative facts and controlling legal principles. *Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004). Also, absence a showing of cause and prejudice or a need to correct a fundamental miscarriage of justice, noncompliance with a state procedural rule that constitutes an adequate and

3

independent ground for the decision bars habeas review. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

<u>Ground One</u>. Respondent argues that the "excessive fines" and "cruel and unusual punishment" arguments included in Holtz's first ground for habeas relief are in procedural default. Several arguments are advanced in support of Ground One. The primary claim is that the trial court's restitution order was a punitive measure that violates the Fifth Amendment's Double Jeopardy Clause. Holtz also incorporates claims that the restitution order violates the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment (Doc. No. 2, p. 8).

The materials submitted demonstrate that Holtz did not fairly present his Eighth Amendment excessive fines or cruel and unusual punishment claims to the state courts at each level of state review. In the state proceedings, Holtz focused only on his position that the restitution violated the Double Jeopardy Clause (Doc. No. 19-16, pp. 70; Doc. No. 19-21, pp. 2, 9-13). Because Holtz did not fairly present the Eighth Amendment claims to the state courts, those claims are in procedural default.

<u>Ground Two</u>. Respondent argues that the claims raised here are also in procedural default. In Ground Two, Holtz asserts two claims. First, he suggests that the Illinois Appellate Court violated the Fifth Amendment's guarantee of due process when it refused to address arguments he had attempted to present on direct appeal. He also claims that he was deprived of the Sixth Amendment's guarantee of effective assistance from appellate counsel. Neither claim was presented at the appropriate levels of review (Doc. Nos. 19-7, 19-16, Doc. No. 19-21). The claims supporting Ground Two are also in procedural default.

<u>Ground Three</u>. Respondent argues that the claim raised here is also in procedural default.

4

In Ground Three, Holtz claims that the prosecution violated the Due Process Clause by taking personal property contrary to the terms of the plea agreement. This claim was not fairly presented to the state courts at all levels of review (Doc. No. 19-16, Doc. No. 19-21). It is also in procedural default.

As noted above, claims in procedural default may be addressed upon a showing of cause for the default and resulting prejudice or when failure to consider the claim will result in a fundamental miscarriage of justice. Holtz attempts to satisfy the cause requirement by suggesting that he was deprived of effective assistance of counsel on direct appeal.

The element of "cause" involves an objective factor outside the defense that impedes compliance with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Illinois Appellate Court dismissed Holtz's direct appeal for lack of jurisdiction. When Holtz cast the blame on his appellate counsel, the Illinois Appellate Court reviewed the facts and concluded that the error was made by Holtz.

The materials submitted show that Holtz was representing himself, with assistance from standby counsel, when a premature notice of appeal was filed. When the postjudgment motions were denied, counsel was appointed on appeal and the Clerk was directed to file a notice of appeal. Holtz was later ordered to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellate counsel's response did not address the timeliness of the notice of appeal. The Illinois Appellate Court reviewed the facts and found that Holtz's failure to file a timely notice of appeal, rather than errors attributed to his appellate counsel, caused the procedural default.

This Court presumes the correctness of the state court's factual determination unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1982).

Holtz highlights the trial court's October 10, 2002, order which directs the Clerk to file a

notice of appeal on his behalf. This order does not rebut the state court's factual finding that the responsibility for filing an untimely notice of appeal rested with Holtz rather than his appointed counsel. Holtz has not demonstrated cause for the procedural default resulting in the dismissal of his direct appeal.

Holtz also suggests that failure to consider his claims will result in a fundamental miscarriage of justice. This narrow exception is limited to cases in which the "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Dretke v. Haley*, 541 U.S. 386, 393 (2004). No information suggests that Holtz is actually innocent of the home invasion and aggravated kidnapping charges for which he was convicted after pleading guilty.

### III. Double Jeopardy

Holtz maintains that the sentence imposed by the trial court included an improper element of restitution which violated the Fifth Amendment's Double Jeopardy Clause. He argues that he has already paid the punitive restitution in excess of the amount allowed by statute and is entitled to immediate release from imprisonment. Respondent argues that the Illinois Appellate Court resolved the double jeopardy claim in a manner that is consistent with established federal law.

Habeas relief may be granted if the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to Supreme Court precedent if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at an opposite result. A state court unreasonably applies Supreme Court precedent if there is an objectively unreasonably application of the law to the facts of the particular case or an

6

objectively unreasonable extension or refusal to extend a principal to a new context. *Williams v. Taylor*, 529 U.S. 362, 405 - 407 (2000).

One aspect of double jeopardy jurisprudence protects against multiple punishments for the same offence imposed in a single proceeding. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). This is a limited protection ensuring that "the total punishment [does] not exceed that authorized by the legislature." *Id*. The Constitutional question is answered by identifying the punishment the legislature intended to impose. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983).

Holtz was sentenced in 1999. At that time, the sentencing scheme approved by the Illinois legislature permitted an order of restitution in conjunction with a term of imprisonment. 730 Ill. Comp. Stat. 5/5-5-6 (1996).[2] The Illinois Appellate Court reasonably applied Supreme Court precedent when it determined that the Illinois legislature had authorized cumulative punishments for the offenses of which Holtz was convicted.

## IV. Conclusion

IT IS RECOMMENDED that Ronald R. Holtz's § 2245 petition for a writ of habeas corpus (Doc. No. 2) be DENIED. This action should be DISMISSED.

**SUBMITTED:  December 9, 2008  .**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**

---

[2] The statute provides, in part, "The court may consider restitution an appropriate sentence to be imposed on each defendant convicted of an offense in addition to a sentence of imprisonment." 730 ILCS 5/5-5-6.

7